UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

TRUSTEES OF THE NATIONAL ASBESTOS )
WORKERS MEDICAL FUND )
7130 Columbia Gateway Drive )
Suite A )
Columbia, MD  21046, )
                                                                Plaintiffs, )
                                                                 )
vs. ) C.A. No.:
                                                                 )
BYROM'S THERMAL INSULATION SYSTEMS, INC. )
445 Little Road )
Sharpsburg, GA  30277 )
                                                                 )
Serve: Dorothy Elaine Byrom, Registered Agent )
      82 Peachtree Drive )
      Sharpsburg, GA  30277 )
                                                                Defendant. )

## COMPLAINT

(FOR BREACH OF COLLECTIVE BARGAINING AGREEMENT,
AND TO COLLECT CONTRIBUTIONS DUE TO PLAINTIFF FUND)

### Jurisdiction

1. This Court has jurisdiction of this action under Sections 502 and 515 of the Employee Retirement Income Security Act of 1974, (hereafter "ERISA"), 29 U.S.C. §§ 1132 and 1145, and under Section 301 of the Labor-Management Relations Act, 29 U.S.C. § 185(a). This is an action for breach of a Collective Bargaining Agreement between an employer and a labor organization representing employees in an industry affecting commerce and an action to collect contributions due to employee benefit plans under the terms of the Collective Bargaining Agreement.

**Parties**

2.     Plaintiffs are the Trustees of the National Asbestos Workers Medical Fund (hereinafter "NAW Fund"), a multiemployer employee benefit plan as that term is defined in Section 3(3) and 3(37) of ERISA, 29 U.S.C. § 1002(3) and (37) (as amended). The Plaintiff Fund is established and maintained according to the provisions of the Restated Agreement and Declaration of Trust establishing the NAW Fund (hereinafter "Trust Agreement") and the Collective Bargaining Agreement between Heat and Frost Insulators Local 48 (hereinafter "the Union") and the Defendant. The NAW Fund is administered at 7130 Columbia Gateway Drive, Suite A, Columbia, MD 21046.

3.     Defendant Byrom's Thermal Insulation Systems, Inc. is a corporation existing under the laws of the State of Georgia with offices located in Georgia. Defendant transacts business in the State of Georgia as a contractor or subcontractor in the insulation industry and all times herein was an "employer in an industry affecting commerce" as defined in Sections 501(1), (3), 2(2) of the Labor-Management Relations Act, 29 U.S.C. Sections 142(1), (3) and 152(2); Section 3(5), (9), (11), (12), (14) of ERISA, 29 U.S.C. Sections 1002(5), (9), (11), (12), (14); and Section 3 of the Multi-Employer Pension Plan Amendments of 1980, 29 U.S.C. § 1001(a).

**COUNT I**

4.     Defendant entered into a Collective Bargaining Agreement with the Union establishing terms and conditions of employment for heat and frost insulators employed by the Defendant.

5.     Pursuant to the Collective Bargaining Agreement, Defendant agreed to pay to the Plaintiff NAW Fund certain sums of money for each hour worked by employees of Defendant covered by the Collective Bargaining Agreement.

6. Defendant employed certain employees covered by the Collective Bargaining Agreement during the period of April 2018 through the present.

7. Defendant has failed to submit reports and pay contributions owed to the Plaintiff NAW Fund for the months of July 2018 through October 2018. Pursuant to the terms of the Collective Bargaining Agreement, Defendant is obligated to submit report forms and pay contributions owed to the Plaintiff NAW Fund.

8. Defendant is bound to the Trust Agreement.

9. Pursuant to the Trust Agreement, when an employer fails to file the properly completed report forms, in order to determine the amounts due, the Plaintiff NAW Fund is authorized to project the delinquency amount using the following formula:

> . . . The Trustees may project as the amount of the delinquency the greater of (a) the average of the monthly payments or reports actually submitted by the Employer for the last three (3) months for which payments or reports were submitted or (b) the average of the monthly payments or reports submitted by the Employer for the last twelve (12) months for which payments or reports were submitted.

10. Using report forms submitted for the last three (3) months for which hours were reported, the projected delinquency for the months of July 2018 through October 2018 is $30,232.79 calculated as follows:

| **Month** | **Medical Reported** |
|---|---|
| April 2018 | $8,077.42 |
| May 2018 | $6,914.06 |
| June 2018 | $7,683.11 |
| **Monthly Average:** | $7,558.20 |

11. Defendant's contributions on behalf of its heat and frost insulator employees for the months of July 2018 through September 2018 are late.

12. The Trust Agreement establishing the Plaintiff NAW Fund provides as follows:

> If an Employer fails to file reports or make contributions within ten (10) calendar days of the due date, there shall be added to and become a part of the amount due and unpaid: (1) liquidated damages for each monthly report or payment due to the Fund, in the amount of twenty percent (20%) of the amount due or 20 dollars, whichever is greater, plus interest at the rate of eight percent (8%) from the due date to the date of payment; or (2) interest at the rate of 1 1/2% per month; or (3) double interest as provided in the Act.

13. Pursuant to this provision, Defendant is obligated to the Plaintiff NAW Fund in the amount of $680.24 in interest on the late payments for the months of July 2018 through October 2018 assessed at the rate of 1½% per month in accordance with the Trust Agreement and continuing to accrue on the unpaid contributions through the date of payment (Exhibit A).

**WHEREFORE**, in Count I, Plaintiff NAW Fund prays for Judgment against the Defendant as follows:

A. In the amount of $30,232.79 in contributions due for work performed in July 2018 through October 2018, plus costs and reasonable attorneys' fees pursuant to the Trust Agreements and 29 U.S.C. § 1132(g).

B. In the amount of $680.24 in interest assessed on the late payments for the months of July 2018 through October 2018 pursuant to the Trust Agreement and 29 U.S.C. § 1132(g).

C. For all contributions, liquidated damages and interest which become due subsequent to the filing of this action through the date of Judgment pursuant to the Collective Bargaining Agreement, Trust Agreements and 29 U.S.C. § 1132(g).

D.  For such further relief as the Court may deem appropriate.

Respectfully submitted,

**O'DONOGHUE & O'DONOGHUE LLP**
5301 Wisconsin Avenue, N.W.
Suite 800
Washington, D.C. 20015
(202) 362-0041 – telephone
(202) 362-2640 – facsimile
cgilligan@odonoghuelaw.com

By: _____/s/_____
Charles W. Gilligan
Maryland Bar No.: 05682

Attorneys for Plaintiffs

317274_2

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing Complaint has been served by certified mail, as required by 502(h) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1132(h) this 19th day of November, 2018 on the following:

The Office of Division Counsel
Associate Chief Counsel (TE/GE) CC: TEGE
Room 4300
1111 Constitution Avenue
Washington, DC  20224
Attention:  Employee Plans

Secretary of Labor
200 Constitution Avenue, N.W.
Washington, DC  20210
ATTENTION:  Assistant Solicitor for
      Plan Benefits Security

                                              /s/
                                Charles W. Gilligan

317274_2